UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

RANDALL ROBERT BERKA, II

    Defendant.
_____/

Case No. 1:23-mj-20235-PTM-1
Hon. Thomas L. Ludington

ROBERT J. DUNN, P33726
Attorney for Defendant
1413 Center Avenue
Bay City, Michigan 48708
989-894-1110
_____/

**DEFENDANT, RANDALL BERKA'S,
SENTENCING MEMORANDUM, MOTION FOR A
DOWNWARD DEPARTURE AND PROOF OF SERVICE**

**I.  Defendant's HIstory**

Defendant's mental health background suggests that a probationary sentence with continued mental health treatment is appropriate in this case. According to Mr. Berka's mother, he was found to be mentally handicapped as a teenager having been involuntarily committed to the hospital in Saginaw in 2012. He has a history of schizophrenia and bipolar disorder.

He was hospitalized at the White Pine facility in 2015 because he claims his father was upset with him for becoming Jewish. He went to the Emergency Room in 2017 and again in 2018 for severe anxiety. He admits to having attempted suicide two times. He had thoughts about doing it again on March 9, 2023, the day he was arrested. He has been in custody ever since. More than ten years ago, Mr.Berka destroyed some property at his grandmother's house, and he also made threats he never carried out. According to 5K 2.13, among the policy statements of the federal sentencing guidelines, a downward departure may be warranted if the Defendant committed the offense while suffering from a significantly reduced mental capacity, and the significantly reduced mental capacity contributed substantially to the commission of the offense. However, the departure would not be warranted if the behavior was influenced by the use of drugs. There is no evidence he was under the influence of drugs when the behavior occurred here.

## II. Downward Departure

Defendant is to be sentenced for illegally, possessing firearms and bullets, while having had a mental health adjudication in his past. He was also indicted for online threatening statements. However, there is no evidence that the Defendant took any steps to carry out any threats and no

person in particular was named as to be the object of the threat. The profane, and on one occasion threatening comment, was made toward Law Enforcement. He also video recorded himself playing with and firing his weapons. This behavior was bizarre and show signs of mental illness.

He was in the woods wearing a ski mask that had large golden teeth marks covering the mouth area. He had a picture of himself holding a gun, but wearing a stocking cap and a scarf. During his anti-police rant, he asked when the KKK would be coming. Possessing firearms only to photograph himself in bizarre situations meet the definition of significantly reduced mental capacity as set forth in the application note to 5K 2.13 because it shows the significantly impaired ability to understand exercise the power of reason. Also, many people who are not mentally ill only believe that convicted felons cannot possess firearms and are unaware of the provision 922G prohibiting possession when there is a previous mental health commitment.

If it was not for his previous mental health adjudication he could not even be convicted of violating Section 922g.

Under all the facts and circumstances, a probationary sentence would be appropriate here and this Counsel is quite worried about what would happen to Mr. Berka after 19 months having served already were sent to a

3

federal prison. He seemed to hit it off fairly well with the probation officer during the presentence interview, and it is believed he would cooperate with the supervision.

All the treatment that he needs can be made part of his probation and, of course, he can be drug tested.

In this case, the firearms were made available to him by his family. He had no money with which to go out and purchase firearms although he did thereafter purchase some ammunition. This is not a case in which the firearms were acquired illegally by his parents. It is Counsel's understanding that the Government recommended a probationary sentence for Mr. Berka's mother, who is charged as a co-defendant in this case. Since she provided the weapons that led to the offense it would not be fair and reasonable to require Mr. Burke to serve 30-37 months as per the guidelines rather than the 19 months he has already served if she is just to get probation. Hunter Biden, who was involved in all kinds of other criminal activity, was offered a deferred sentence for his 922 g offense. Mr. Berka has not known to have committed any other violent acts other than the damage he did to some property at his grandmother's house about 10 years ago and a domestic violence incident involving his parents even further back to that. If it was not for his previous mental health diagnosis he

4

could not even be convicted under Section 922g because he had no criminal record. For these reasons, Counsel requests that this Court sentence Defendant to the 19 months he has already served and place him on probation.

### III. Sentencing Factors

The sentencing factors under 18 USC section 3553 do not suggest a sentence greater than the 19 months Defendant served.

In imposing a sentence, the Court must consider the factors listed in 18 USC section 3553a. The first factor is the nature and circumstances of the offense, and the history and characteristics of the Defendant. This factor was addressed above. A sentence greater than 19 months is not required under this factor. The next factor listed does not require a guideline sentence either because the 19 months already served reflect the seriousness of the offense, promotion of the respect for law, and just punishment for the offense. The next factor is affording adequate deterrence to criminal conduct. Mr. Berka has done hard time for his 19 months as he has been and at least three different jails. Jails provide very limited movement outside of the cell and many less options for what they can do while serving their time truly making a 19 month sentence hard time

and knowing prison awaits them would easily deter someone from committing a mere possession offense such as in this case

The sentence served here, already followed by supervision, and continued mental health treatment to protect the public from further crimes, and Defendant will have federal prison hanging over his head if he violates the terms. Probation can provide. The Defendant could receive educational training while on probation and he will indeed need vocational training while on that status. Continued mental health treatment can also be provided.

It is for these reasons that we believe the Section 3553a factors do not call for a sentence greater than that already served and we therefore move for a downward departure to time served followed by probation.

Dated: August 26, 2024                               Respectfully submitted,

                                                    /s/ Robert J. Dunn, P33726
                                                    ROBERT J. DUNN, P33726

**CERTIFICATE OF SERVICE**

I hereby certify that Defendant, Randall Berka's Sentencing Memorandum, Motion and Certificate of Service was electronically filed on this date with the Clerk of the Court and all the parties of the case by Robert J. Dunn's office, Attorney for Defendant and mailed by 1st Class Mail to Randall Berka at the Midland Co. Jail.

DATED: August 26, 2024                     /s/CYNTHIA L. EIGNER
                                           CYNTHIA L. EIGNER
                                           Legal Assistant to Robert J. Dunn

`