UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO: 23-cr-20235 |
| Plaintiff, | Hon. Thomas L. Ludington |
| v. | United States District Judge |
| RANDALL BERKA, II, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE AND SENTENCING MEMORANDUM**

This case is set for sentencing following Berka's plea of guilty to count one of the first superseding indictment which charges him with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. §922(g)(4). The PSR calculated a guidelines range of 30 months to 37 months. (PSR ¶ 93). The Defendant requests a downward departure and variance pursuant to USSG § 5K2.13 to probation. The government objects to any downward variance in this matter.

### SUMMARY OF THE OFFENSE

On March 7, 2023, FBI Detroit opened an investigation into an unknown subject making threatening comments on Youtube after Google submitted an online tip to the FBI National Threat Operations Section. Google reported that a user on Youtube channel Elizabeth's Husbando (hereafter The Account) posted multiple threats to kill law enforcement, members of the LGTQ+ community, and government officials. Subscriber information attributed the account to Michelle

1

Marla Berka at a known residence on Rose Island Road, Sebewaing, MI 48759.

Concerning posts reported to the FBI by Google include threats to law enforcement, democrats, and LGBTQ members. One of the threatening comments the defendant made on Youtube was a comment made on February 20, 2023, which stated:

> "you could be like me and get guns and threaten to kill politicians. im more than willing to kill whitmer and I do live in Michigan. ill assault her ugly face with my bullets. she was never s assaulted shes too ugly for it. she let herself be a p hole for the WEF"

Another threat that stated the posters name was Randall the 2nd and that he lived in Sebewaing, MI was posted on May 7, 2023, and stated:

> hey fbi! my name is randall the 2nd and i live in sebewaing michigan and i am willing to kill these people, fuck it i dont care, fuckthe feds, fuck them. im not mentally ill for needing to be violenttowards these people, call the cops. fuck them. ill shoot them too. i'llkill anyoen wh otries to take my guns. ANYONE. I AM DONE. TRY TOCONFISCATE THEM FROM ME AND I WILL KILL.

FBI Detroit conducted database and open source searches for the known residence on Rose Island Road, Sebewaing, MI and identified a Randall Robert Berka II, date of birth XX/XX/1992 residing at the residence. FBI Detroit conducted a criminal history check and determined the defendant was involuntarily committed for mental health treatment in 2012. The state of Michigan determined defendant to be legally incapacitated and appointed his father as defendant's legal guardian in 2013. As such, defendant is prohibited from possessing firearms or ammunition.

On March 9, 2023, members of FBI Detroit Flint Resident Agency located and interviewed Michelle Berka at her place of employment. Michelle advised the FBI that her son, the defendant, lives at the Rose Island Road residence with her and her husband. Defendant's mom admitted that within approximately the last year, she purchased four firearms for the defendant (three long guns and one handgun). While agents were driving to meet with defendant's mom, the defendant sent the following text to an FBI task force officer's cell phone:

> *"Fuck off fed.  Swear to fucking god if you send your fbi faggots to my doorstep I'll fucking unload on them."*

On March 9, 2023, after a four hour standoff, agents executed a search warrant at the defendant's residence and recovered a Galil, Model Ace Sar, .556 caliber rifle, a Kalashnikov, Model KS-12, 12 gauge shotgun, a Masada, Model 9S, 9 mm caliber, semi-automatic pistol, a Zatstava, Model Z-Pap M70, 7.62x39mm caliber rifle and a semi-automatic rifle which contained a Fostech, Model Tech-15 lower receiver and had a barrel of less than 16 inches. Agents also recovered 18 loaded magazines, thousands of rounds of additional ammunition and body armor.

Defendant waived his *Miranda* rights and agreed to speak with agent after he was arrested.  Defendant admitted to making threatening statements over the Internet and to sending the threatening text messages to the TFO agent that day, but stated he had no intention of harming anyone. Defendant stated that owning firearms was very important to him and was his 2nd amendment right.  He admitted that the

3

firearms recovered, and the body armor was his. He stated that his mother bought all the firearms for him. He further admitted that he knew it was illegal for him to possess firearms due to his prior involuntary commitment to a mental health facility, but he felt his was unjust and decided to possess firearms anyway. Defendant states that he wants his guns returned to him or his mother but realized that probably would not happen. He stated that if they are not returned, he would just purchase new firearms in the future.

Defendant filed a notice pursuant to Rule 12 of the Federal Rules of Criminal Procedure noting an intent to rely on an insanity defense. (ECF No. 30). On June 19, 2024, the Bureau of Prisons (BOP) provided the Court and counsel with a report finding that the "actions and statements made by Mr. Berka during the alleged offenses also suggest he maintained sufficient capacity to appreciate the nature, quality and wrongfulness of the behaviors attributed to him." (BOP Evaluation at 22).

On June 26, 2024, Defendant pleaded guilty to count one of the superseding indictment charging him with Possession of a Firearm by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(4).

## LEGAL ANALYSIS

When sentencing a defendant, the law is clear that, first, the sentencing guideline range must be correctly calculated. *United States v. Gall*, 128 S. Ct. 586, 601 (2007). Next, the court's reasoning must be guided by the sentencing

considerations set forth in 18 U.S.C. §3553(a). *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). Congress has provided, through 18 U.S.C. §3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. Berka has provided no credible basis to support a variance from the guidelines.

I.   **Defendant's Motion for a Downward Variance**

   **A. Application of U.S.S.G. § 5K2.13**

Section 5K2.13 of the United States Sentencing Guidelines provides a policy statement that "[a] downward departure may be warranted if (1) the defendant committed the offense while suffer from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." The application note of the section defines significantly reduced mental capacity as someone who "although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior compromising

5

the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful."

The evaluation conducted by BOP, which is the only credible evidence before this Court, shows that the defendant clearly understood the wrongfulness of his behavior and had the ability to control his behavior. The evaluator reviewed collateral material and conducted a forensic interview of the defendant. Based on that information she found that "there was no information…to suggest Mr. Berka experienced symptoms of mental disease or defect that interfered with his ability to understand the nature, wrongfulness, and quality of his alleged actions of possessing firearms…" (BOP Eval. at 22). The report noted that the defendant's actions and statements "indicating planning, problem solving and an attempt to conceal his actions." *Id.* The defendant discusses the videos that were taken of him possessing a firearm as evidence of mental illness. The BOP evaluation discusses those videos as evidence of defendant's ability to engage in problem solving, planning, and reasoning. *Id.* at 20-21. The evaluator notes that the defendant's use of a mask in the videos shows the ability to conceal his identity in the videos. *Id.* at 21. In discussing his charges with the defendant, the evaluator noted that the defendant "used the Constitution as a basis to express his disagreement with laws that restrict gun ownership." *Id.* She went onto explain "[h]is disagreement with laws that restricted his gun ownership suggest he understood the law and that he may be picking and

6

choosing which laws he wants to uphold that support his preferred goal of obtaining a firearm." *Id.*

## CONCLUSION

The Government submits that the evidence clearly establishes the defendant did not commit the offense while suffering from a significantly reduced mental capacity and there is no basis for a downward departure in this matter.

Respectfully submitted,

Dated: October 16, 2024

Dawn N. Ison
United States Attorney

s/*Katharine Hemann*
Katharine Hemann WSBA #46237
Assistant United States Attorney
101 First Street, Suite 200
Bay City, MI 48708
(989) 895-5712
Katharine.hemann@usdoj.gov

Certificate of Service

I hereby certify that on October 16, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

s/*Katharine Hemann*
Katharine Hemann (WSBA # 46237)
Assistant U.S. Attorney
101 First St. Ste. 200
Bay City, MI 48708
989-895-5712
Katharine.hemann@usdoj.gov